JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Brenda Capretta ("defendant"), appeals from a conviction in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On November 9, 2005, defendant was charged with four counts of drug trafficking with a schoolyard specification, in violation of R.C.2925.03 and R.C. 2941.143, one count of drug possession, in violation of R.C. 2925.11, and one count of possessing criminal tools, in violation of R.C. 2923.24. Defendant pled not guilty and the case proceeded to a bench trial.
 {¶ 3} At the bench trial, the following facts were established: On October 25, 2005, agents from the West Shore Enforcement Bureau ("WEB") set up a "controlled purchase" detail at the Tops Supermarket on Lorain Road in Fairview Park, Ohio. The "controlled purchase" detail involved a confidential informant ("CI") who was going to purchase some marijuana from a suspected drug dealer named Donnie Pavlovic ("Pavlovic") in the Tops parking lot. Pavlovic informed the CI that he did not have a driver's license to drive himself to the buy.
 {¶ 4} Agents Bradley Schultz ("Agent Schultz") and Jeffrey Capretto ("Agent Capretto") of WEB went to the Tops parking lot and set up the surveillance. The CI was wired with a listening device so that the officers could monitor and record the transaction. The agents observed a purple Caravan registered to the defendant pull into the lot. They observed the CI get into the front passenger seat of the vehicle. *Page 4 
Agent Capretto saw Pavlovic sitting in the front driver's seat and the defendant sitting in the back of the car. Through the wire, Agent Schultz heard Pavlovic introduce defendant to the CI as his "girlfriend." The CI was only in the vehicle for a few minutes, during which time, he spoke with Pavlovic about getting some cocaine and purchased some marijuana. Defendant did not speak during the transaction. After the CI got out of the car, the purple Caravan left the parking lot. Agent Capretto followed the vehicle and observed the defendant driving the car.
 {¶ 5} Two days later, on October 27, 2005, the agents set up another "controlled purchase" with the CI and Pavlovic at the same Tops. The agents set up surveillance in the same location and observed the purple Caravan in the parking lot already. Agent Schultz observed defendant exit the vehicle and walk into Tops as the CI was getting into the car. Through the wire, Agent Schultz heard Pavlovic tell the CI that defendant was "freaking out." While inside the car, the CI purchased some cocaine from Pavlovic and then left the car. Shortly thereafter, the defendant exited the Tops, entered the front driver's seat of the vehicle, and drove away.
 {¶ 6} At trial, Pavlovic testified that he pled guilty to drug trafficking and drug possession for his part in these events. He testified that defendant is his girlfriend and that she did not know he was going to the Tops to sell drugs. He testified that his driver's license was suspended and that he needed defendant to drive him to Tops. He stated that he told her that he was going to collect money from a person who owed him. *Page 5 
 {¶ 7} The trial court found defendant guilty of all six counts and sentenced defendant to three years of community controlled sanctions. Defendant timely appeals and raises one assignment of error for our review.
 {¶ 8} "I. The verdict convicting the appellant of drug trafficking, drug possession, and possession of criminal tools were [sic] based upon insufficient evidence."
 {¶ 9} In her sole assignment of error, defendant argues that the State failed to present sufficient evidence to support her convictions for trafficking and possession of drugs, and criminal tools.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court *Page 6 
to weigh the evidence. Id. "In essence, sufficiency is a test of adequacy; whether the evidence is legally sufficient to sustain a verdict." Id. A verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis,79 Ohio St. 3d 421, 430, 1997-Ohio-372.
A. Possession Charges
 {¶ 12} Defendant was charged with possession of cocaine, in violation of R.C. 2925.11, which provides in pertinent part that "no person shall knowingly obtain, possess, or use a controlled substance." Possession may be proven by evidence of actual physical possession or constructive possession where the contraband is under the defendant's dominion or control. State v. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828. It is not necessary to establish ownership of a controlled substance in order to establish constructive possession. State v. Mann (1993),93 Ohio App.3d 301, 308. Rather, two or more persons may jointly possess an item. Id.; State v. Correa (May 15, 1997), Cuyahoga App. No. 70744 (defendant found to constructively possess drugs that were discovered on individual with whom he had close contact). Readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984), 18 Ohio App.3d 50, 58;State v. Scalf (1998), 126 Ohio App.3d 614, 619-620. For constructive possession *Page 7 
to exist, it must be shown "that the person was conscious of the presence of the object." State v. Hankerson (1982), 70 Ohio St.2d 87,91.
 {¶ 13} Here, although the officers did not find the cocaine on defendant's person, the evidence clearly indicates her awareness of the presence of the drugs. Defendant drove Pavlovic to both drug transactions in her vehicle. During the drug transaction on October 25, 2005, defendant was actually present (in the back seat) when the CI purchased the marijuana. She was also present when the CI and Pavlovic discussed the future buy/sell of cocaine. Following the sale, defendant got back into the front seat of her car and drove away.
 {¶ 14} At the drug transaction on October 27, 2005, just two days later, defendant again drove Pavlovic to the Tops, went inside the Tops while the CI purchased cocaine (possibly because she was "freaking out"), and then drove the vehicle away from the Tops. We find that the evidence supports the conclusion that defendant was more than merely present during the drug transactions. The evidence demonstrates that she was not only present during the drug transactions, but that she was actively involved in the drug-related activity by driving Pavlovic to the locations on two different occasions. We find this is sufficient evidence such that a rational trier of fact could have found that defendant was "conscious of the presence" of cocaine such that she exerted constructive possession of it. See State v. Hankerson, supra at 91. *Page 8 
 {¶ 15} Defendant was also charged with possession of criminal tools in violation of R.C. 2923.24, which prohibits a person from possessing or having under their control "any substance, device, instrument, or article, with purpose to use it criminally." Here, the evidence demonstrated that defendant used her car to drive Pavlovic to both drug transactions. Coupled with the other circumstances, any rational trier of fact could have found that defendant used her vehicle to aid Pavlovic in distributing and selling drugs. Accordingly, we find, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime of possession of drugs and criminal tools proven beyond a reasonable doubt and the trial court properly denied her motion for acquittal on these charges.
B. Trafficking Charges
 {¶ 16} Defendant was also charged with trafficking of drugs, in violation of R.C. 2925.03, which prohibits a person from knowingly preparing a controlled substance for distribution or sale. Pursuant to R.C. 2923.03(A) and (F), anyone who is guilty of aiding or abetting another in committing the offense shall be prosecuted as if he were the principal offender. A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. State v. Johnson, 93 Ohio St.3d 240, 245-246, 2001-Ohio-1336. Such intent may be inferred from the circumstances surrounding the crime. Id. at 246. *Page 9 
 {¶ 17} Here, when examining the circumstances of this case, a rational trier of fact could have found that defendant aided and abetted her boyfriend Pavlovic in drug trafficking. Pavlovic did not have a valid driver's license. Defendant drove him to both drug sales. She got into the backseat during the first transaction so that Pavlovic could sit in the front seat and conduct the sale. The CI and Pavlovic discussed the sale of cocaine. Following the transaction, defendant got back into the front seat and drove away. Two days later, defendant again drove Pavlovic to the Tops parking lot, the same location as the previous drug sale. She left the vehicle as the CI was getting in and entered Tops. She exited Tops after the CI left the car, got into the front driver's seat, and drove away. Based on the circumstances of this case, defendant's intent to assist in the distribution and sale of the drugs can be inferred.
 {¶ 18} We find, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime of trafficking of drugs proven beyond a reasonable doubt and the trial court properly denied her motion for acquittal on these charges.
 {¶ 19} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, ADMINISTRATIVE JUDGE
MARY EILEEN KILBANE, J., CONCURS MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART